1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY L. FRANKLIN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A. and DOES 1 through 50, inclusive,<br><br>Defendant. | CASE NO. C 05 00519 CRB<br><br>[PROPOSED] ORDER FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Date:       June 16, 2006<br>Time:      10:00 a.m.<br>Courtroom:  8, 19th Floor<br>Judge:      Honorable Charles Breyer |

This matter came before the Court for hearing on June 16, 2006, at 10:00 a.m. before Judge Charles Breyer, pursuant to the Order: (1) conditionally certifying the Settlement Class; (2) preliminarily approving the proposed settlement; (3) approving notice to the Class, including the claim form and exclusion form; and (4) setting the final approval hearing, entered on December 8, 2005 ("Preliminary Order"), for final approval of the settlement as set forth in the parties' Joint Stipulation Of Settlement And Release Between Plaintiff Timothy Franklin and Defendant Bank of America, N.A. ("Settlement Agreement"). The Court, having entered the Preliminary Order, determined that due and adequate notice has been given to the Settlement Class as required by the

1   Preliminary Order, and having considered all papers filed, the arguments of counsel, the law and

2   otherwise being fully informed, and good cause appearing therefor,

3       IT IS ORDERED, ADJUDGED AND DECREED that:

4

5       1.      All terms used in this order granting final approval to the class action settlement

6   ("Final Order") shall have the same meaning as defined in the Settlement Agreement.

7       2.      This Court has jurisdiction over the subject matter of the Lawsuit and over all

8   parties, including all Class Members.

9       3.      Pursuant to the Preliminary Order, the Court preliminarily certified the following

10  Class for settlement purposes to include the following:

11      **ALL CURRENT AND FORMER EMPLOYEES OF BANK OF AMERICA,
        N.A. ("BANK") WHO WERE EMPLOYED BY THE BANK IN THE STATE**
12      **OF CALIFORNIA AS MORTGAGE RETAIL LENDING ACCOUNT**
        **EXECUTIVES (JOB CODE SM009) DURING ALL OR PART OF THE**
13      **PERIOD FROM DECEMBER 20, 2000 THROUGH DECEMBER 8, 2005**
        **WHO DID NOT PARTICIPATE IN THE *RAQUIB ABDUALLAH ET AL. V.***
14      ***BANK OF AMERICA, N.A.* ACTION IN MINNESOTA DISTRICT COURT,**
        **CASE NO. 04-2951 JMR/FLN.**
15

16  In certifying the Class, the Court found and still finds that: (1) the members of the Settlement

17  Class are so numerous that joinder of all class members in this action is impracticable; (2) there

18  are questions of law and fact common to the members of the Settlement Class; (3) the questions

19  of law and fact common to the members of the Settlement Class are substantially similar and

20  predominate over any questions affecting only individual members of the Settlement Class; (4)

21  the claims or defenses of the representative Plaintiff are typical of the claims or defenses of the

22  members of the Settlement Class; (5) the representative Plaintiff and his counsel have fairly and

23  adequately protected the interests of the Settlement Class; and (6) a class action is superior to

24  other available methods of fair and efficient adjudication of the controversy, considering, *inter*

25  *alia*, (a) the interests of the members of the Settlement Class in individually controlling the

26  prosecution of separate actions, (b) the extent and nature of any litigation concerning the

27  controversy already commenced by members of the Settlement Class, (c) the desirability or

28  undesirability of prosecuting the litigation of these claims in this particular forum, and (d) the

1  difficulties likely to be encountered in the management of the class actions.  Accordingly, the

2  Settlement Class is now finally and conclusively certified for settlement purposes;

3

4       4.      In accordance with the Preliminary Order, the parties caused to be mailed the

5  following: (1) Notice of Proposed Class Action Settlement for Unpaid Overtime Premiums; (2)

6  Claim Form; and (3) Exclusion Form (collectively the "Notice Materials").  The Notice Materials

7  were sent via first class mail within the time mandated in the Preliminary Order, and adequately

8  informed the Settlement Class of: (1) the pendency of the proposed settlement; (2) all material

9  elements of the proposed settlement; (3) the June 16, 2006 hearing date for final approval of the

10  settlement; and (4) the opportunity to be excluded from the proposed Settlement Class or

11  otherwise object to the proposed settlement.  David C. Holland of Rust Consulting, Inc., the

12  Settlement Administrator, filed a declaration with the Court on May 8, 2006 concerning the

13  dissemination of the Notice Materials and the status of claims and objections.

14       5.      The Notice Materials provided due and adequate notice to potential Settlement

15  Class members and constitutes the best notice practicable and possible under the circumstances.

16  The proof of dissemination filed with the Court demonstrates that this Court's orders have been

17  complied with in regard to the Notice Materials and preliminary approval of the settlement, and

18  further, that the best notice practicable and possible under the circumstances was in fact given and

19  constituted valid, due, and sufficient notice to members of the Settlement Class, complying fully

20  with all applicable statutes and laws.

21       6.      No Class Member has filed an objection to this settlement.

22       7.      The Settlement Administrator received 26 timely exclusion forms.

23       8.      The parties' Settlement Agreement is granted final approval, as the Court finds the

24  settlement is, in all respects, fair, reasonable and adequate to the parties and Class Members.  The

25  Court orders the parties to effectuate the Settlement Agreement according with its terms.  A copy

26  of the Settlement Agreement is attached to this Proposed Final Order as **Exhibit A**.

27       9.      Defendant shall pay the claims presented by the claim procedure described in the

28  Settlement Agreement.  Given the number of claims submitted, the amount paid will be less than

1    $9,000,000.00. Defendant shall have no further liability for costs, expenses, interest, attorneys'

2    fees, or for any other charge, expense, or liability, except as provided in the Settlement

3    Agreement.

4          10.     The Settlement Class is bound by the release and waiver listed in Paragraphs 43

5    and 45 of the Settlement Agreement, respectively, and this Final Order, which Final Order shall

6    have the force and effect of *res judicata* as to them.

7          11.     By operation of this Final Order and the Settlement Effective Date, Class Members

8    who did not timely submit Exclusion Forms fully release and discharge the Bank and its former

9    and present parent, subsidiary, and affiliated corporations and its officers, directors, employees,

10    partners, shareholders and agents, and any other successors, assigns, or legal representatives

11    ("Class Members' Released Parties"), from any and all wage-and-hour claims, whether known or

12    unknown, arising during the period from December 20, 2000 to December 31, 2005 ("Class

13    Members' Released Period"), whether under federal, state and/or local law, statute, ordinance,

14    regulation, common law, or other source of law; whether or not such claims are in the nature of

15    claims for damages, unpaid wages, premium pay, waiting-time penalties, or other penalties for

16    overtime, missed meal periods, missed rest breaks, and other alleged wage-and-hour violations,

17    attorneys' fees or injunctive relief; whether sounding in contract or tort; and whether pursuant to a

18    statutory remedy ("Class Members' Released Claims"). The Class Members' Released Claims

19    include, but are not limited to, claims arising from or dependent on the California Labor Code;

20    the wage orders of the California Industrial Welfare Commission; California Business and

21    Professions Code section 17200 *et seq.*; the California common law of contract and tort; and the

22    Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

23          12.     The class representative, Timothy Franklin, is bound by the release and waiver

24    listed in Paragraphs 43, 44 and 45 of the Settlement Agreement, respectively, and this Final

25    Order, which Final Order shall have the force and effect of *res judicata* as to him.

26          13.     By operation of this Final Order and the Settlement Effective Date, the Class

27    Representative fully and finally releases and discharges the Bank and its former and present

28    parent, subsidiary, and affiliated corporations and its officers, directors, employees, partners,

1   shareholders and agents, and any other successors, assigns, or legal representatives ("Class

2   Representative's Released Parties"), from any and all claims, whether known or unknown, arising

3   during the period from the start of time to December 31, 2005 ("Class Representative's Released

4   Period"), whether under federal, state and/or local law, statute, ordinance, regulation, common

5   law, or other source of law; whether or not such claims are in the nature of claims for damages,

6   unpaid wages, premium pay, waiting-time penalties, or other penalties for overtime, missed meal

7   periods, missed rest breaks, and other alleged wage-and-hour violations, attorneys' fees or

8   injunctive relief; whether sounding in contract or tort; and whether pursuant to a statutory remedy

9   ("Class Representative's Released Claims"). The Class Representative's Released Claims

10  include, but are not limited to, claims arising from or dependent on the California Labor Code;

11  the wage orders of the California Industrial Welfare Commission; California Business and

12  Professions Code section 17200 *et seq.*; the California Fair Employment and Housing Act, Cal.

13  Gov't Code § 12900 *et seq.*; the California common law of contract and tort; Title VII of the Civil

14  Rights Act of 1964; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; the

15  Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*; and the Fair Labor

16  Standards Act, 29 U.S.C. § 201 *et seq.*

17      14.   By operation of this Final Order and the Settlement Effective Date, Class Members

18  who did not timely submit Exclusion Forms waive all rights and benefits afforded by Section

19  1542 of the Civil Code of the State of California, and do so understanding the significance of that

20  waiver. Section 1542 provides:

21              "A general release does not extend to claims which the
                creditor does not know or suspect to exist in his favor at the
22              time of executing the release, which if known by him must
                have materially affected his settlement with the debtor."
23
    In order to achieve a full and complete release of the Bank of all claims arising from or related to
24
    the lawsuit, each Class Member acknowledges that this Settlement Agreement is intended to
25
    include in its effect all claims regarding the subject matter of the Complaint which were or could
26
    have been asserted in this Lawsuit, including claims which each Class Member does not know or
27
    suspect to exist in his or her favor against the Bank.
28

Case No. C 05 00519 CRB                     -5-         [PROPOSED] ORDER FOR FINAL
                                                        APPROVAL OF CLASS ACTION
                                                        SETTLEMENT

1         15.    All Class Members who failed to submit a timely Exclusion Form are barred and

2 permanently enjoined from instituting, asserting or prosecuting, directly, representatively,

3 derivatively or in any other capacity, any Released Claims against Defendants.

4         16.    The Settlement Agreement is not an admission by the Bank nor is this Final Order

5 a finding of the validity of any claims in the Lawsuit or any wrongdoing by the Bank.

6 Furthermore, neither the Settlement Agreement, nor any document, statement, proceeding or

7 conduct related to the settlement or the Settlement Agreement, nor any reports or accounting of

8 those matters, will be (i) construed as, offered or admitted in evidence as, received as, or deemed

9 to be evidence for any purpose adverse to the Bank, including, but not limited to, evidence of a

10 presumption, concession, indication or admission by the Bank of any liability, fault, wrongdoing,

11 omission, concession or damage; or (ii) disclosed, referred to or offered in evidence against the

12 Bank, in any further proceeding in the Lawsuit, or any other civil, criminal or administrative

13 action or proceeding except for purposes of effectuating the Settlement Agreement.  However, the

14 Settlement Agreement may be admitted in evidence and otherwise used in any and all

15 proceedings to enforce any or all terms of the Settlement Agreement, or in defense of any claims

16 released or barred by the Settlement Agreement.

17         17.    The claims alleged in the Complaint are hereby dismissed with prejudice,

18 provided, however, and without affecting the finality of this Final Order in any way, this Court

19 retains continuing jurisdiction over: (i) interpretation, implementation and enforcement of this

20 settlement; and (ii) enforcement and administration of the Settlement Agreement.

21         18.    The Court finds that the Settlement Agreement was entered into in good faith and

22 constitutes a fair, reasonable and adequate compromise of Plaintiffs' claims against the Bank.

23         19.    This litigation (and all claims asserted at any time herein) is hereby fully and

24 finally dismissed with prejudice, with each party to bear his/her/its own costs and attorneys' fees

25 (except as otherwise expressly provided herein).

26         IT IS SO ORDERED.

27

28

1

July 20, 2006
DATED: May ——, 2006

2

By:_____

3

THE HONORABLE

4

5

**APPROVED AS TO FORM:**

6

DATED: May $\mathcal{B}$ , 2006

7

PAUL, HASTINGS, JANOFSKY & WALKER LLP

8

By:_____

9

ANNETTE RITTMULLER

10

Attorneys for Defendant
Bank of America, N.A.

11

DATED: May ____, 2006

HOFFMAN & LAZEAR

12

13

By:_____

14

ARTHUR LAZEAR

15

Attorneys for Plaintiff
Timothy L. Franklin

16

17

18

LEGAL_US_W # 7612712.2

19

20

21

22

23

24

25

26

27

28

IT IS SO ORDERED

Judge Charles R. Breyer

-7-

[PROPOSED] ORDER FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

Case No. C 05 00519 CRB

# EXHIBIT A

1     M. KIRBY C. WILCOX (SB# 78576)
     STEPHEN P. SONNENBERG (SB#164881)
2     ANNETTE GAMMON (SB# 211882)
     SAIDAH GRAYSON (SB# 221713)
3     PAUL, HASTINGS, JANOFSKY & WALKER LLP
     55 Second Street
4     Twenty-Fourth Floor
     San Francisco, CA 94105-3441
5     Telephone: (415) 856-7000
     Facsimile: (415) 856-7100

6

7     Attorneys for Defendant
     Bank of America, N.A.

8

               UNITED STATES DISTRICT COURT

9

               NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   TIMOTHY L. FRANKLIN, individually, and on behalf of all others similarly situated, | CASE NO. C 05 00519 CRB |
| 12 | **JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFF TIMOTHY L. FRANKLIN AND DEFENDANT BANK OF AMERICA, N.A.** |
| 13           Plaintiffs, | |
| 14    vs. | |
| 15   BANK OF AMERICA, N.A. and DOES 1 through 50, inclusive, | |
| 16           Defendants. | |
| 17 | |

18

19       This Joint Stipulation of Settlement and Release is made and entered into by and

20 between the following parties: Plaintiff Timothy Franklin, individually and on behalf of all others

21 similarly situated, and defendant Bank of America, N.A., by and through their respective counsel

22 of record.

23

24                       **I.**
                 **DEFINITIONS**

25

26       1.     "Action" means the civil action commenced on December 20, 2004 by

27 Plaintiff against the Bank in San Francisco Superior Court entitled, *Timothy Franklin et al, v.*

28 *Bank of America, N.A., et al.*, Case No. CGC 04437258, which the Bank subsequently removed to

1    the United States District Court for the Northern District of California, *Timothy Franklin et al.*

2    *Bank of America, N.A.,* Case No. C05 00519 CRB.

3

4           2.     "Bank" shall mean Defendant Bank of America, N.A. and all of its

5    officers, directors, agents, attorneys, parents, predecessors, successors, subsidiaries, and related

6    and affiliated entities.

7

8           3.     "Claims Administrator" shall mean Rust Consulting Inc., or an

9    administrator mutually agreed to by the Parties that will perform the duties of (i) using the data

10   provided by the Bank to prepare the Claim Forms with the number of Weeks Worked in the

11   Covered Position by each Class Member; (ii) mailing the Notice, Claim Forms and Exclusion

12   Forms to Class Members; (iii) tracking returned Claim and Exclusion Forms; (iv) notifying the

13   Parties of timely and untimely claims; (v) calculating the amounts due to each Class Member

14   pursuant to the Settlement; and (vi) notifying the Parties of and resolving any disputes regarding

15   claims by the Class Members.

16

17          4.     "Claim Form" shall mean Exhibit "B", the form approved by the Parties

18   and subject to Court approval which each Class Member must submit to recover a portion of the

19   settlement proceeds.

20

21          5.     "Class" or "Class Members" shall mean the named Plaintiff, Timothy

22   Franklin, and all persons who work or worked for the Bank in the State of California in the

23   Covered Position during the Covered Period. All Class Members who opted-in to the Fair Labor

24   Standards Act ("FLSA") collective action entitled, *Raquib Abduallah et al, v. Bank of America,*

25   *N.A,.* Minnesota District Court, Case No. 04-2951 JMR/FLN, and who did not withdraw their

26   consents to opt-in to the *Abduallah* action, are excluded from the provisions of this Settlement.

27

28          6.     "Class Representative" shall mean Plaintiff Timothy Franklin.

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

1           7.     "Class Counsel" shall mean James Clapp of Dostart Clapp & Coveney,

2 LLP, Mark Thierman of Thierman Law Firm P.C. and H. Tim Hoffman of Hoffman and Lazear.

3

4           8.     "Compensable Work Weeks" shall mean all weeks worked by the Bank's

5 employees in California in the Covered Position during the Covered Period.

6

7           9.     "Court" refers to the United States District Court of the Northern District

8 of California.

9

10          10.     "Covered Period" shall mean the period December 20, 2000 through the

11 date of preliminary court approval of the Settlement.

12

13          11.     "Covered Position" refers to job code SM009, the Mortgage Retail Lending

14 Account Executive Position.

15

16          12.     "Exclusion Form" refers to Exhibit "C", the Request for Exclusion Form

17 approved by the Parties  and subject to Court approval which a Class Member must submit to

18 exclude themselves from the release of claims pursuant to this Settlement.

19

20          13.     "Final Judgment" shall mean the Order Granting Final Approval of Class

21 Action Settlement and Judgment entered by the Court.

22

23          14.     "Maximum Payment" shall mean up to $9,000,000.00 to be paid by the

24 Bank pursuant to this Settlement.

25

26          15.     "Notice" shall mean the Notice of Pendency of Class Action, Proposed

27 Settlement and Hearing Date for Court Approval attached as Exhibit "A." It is the notice

28

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

1   approved by the Parties and subject to Court approval which the Claims Administrator will mail

2   to each Class Member explaining the terms of the Settlement and the claims process.

3

4           16.   "Parties" shall mean the Class Representative, Class Members and the

5   Bank.

6

7           17.   "Settlement" shall mean this Joint Stipulation of Settlement and Release.

8

9           18.   "Settlement Effective Date" shall mean the first day following the last of

10  the following occurrences:

11

12          (a)   The date the time to appeal or seek permission to appeal or seek

13  other judicial review of the entry of a Final Judgment approving the Settlement has expired with

14  no appeal or other judicial review having been taken or sought; or

15

16          (b)   If an appeal or other judicial review has been taken or sought, the

17  date the Final Judgment is finally affirmed by an appellate court with no possibility of subsequent

18  appeal or other judicial review therefrom, or the date the appeal(s) or other judicial review

19  therefrom are finally dismissed with no possibility of subsequent appeal or other judicial review.

20

                                        **II.**
21                                  **RECITALS**

22

23          19.   On December 20, 2004, Plaintiff Timothy Franklin filed the Action on

24  behalf of himself and a purported class of "account executive[s], account executive trainee[s],

25  and/or any similar position[s] . . . responsible for originating home mortgage or personal loans to

26  consumers" seeking back pay for non-payment of overtime wages and minimum wages under the

27  FLSA, the California Labor Code and the California Business and Professions Code. In addition,

28  Plaintiff alleged claims for meal and rest period violations and waiting time penalties under

                                        -4-          JOINT STIPULATION OF SETTLEMENT
                                                              AND RELEASE

1    California law. On February 9, 2005, the Bank filed a Notice of Pendency of Other Action or

2    Proceeding, informing the Court of a substantially similar suit pending in the United States

3    District Court in Minnesota. The Minnesota District Court case, *Raquib Abduallah et al. v. Bank*

4    *of America, N.A.*, Case No. 04-2951 JMR/FLN, was filed on June 14, 2004.

5

6            20.     Plaintiff believes his Action is meritorious based on alleged violations of

7    California's wage and hour laws and the FLSA, and that his Action is appropriate for class action

8    treatment. The Bank denies any liability or wrongdoing of any kind associated with the claims

9    alleged, and contends that, for any purpose other than settlement, this Action is not appropriate

10   for class or collective action treatment pursuant to Federal Rule of Civil Procedure 23 or 29

11   U.S.C. §216(b) respectively. The Bank further contends that it has complied with the California

12   Labor Code, the Fair Labor Standards Act, the California Business and Professions Code, and the

13   applicable Industrial Welfare Commission Wage Orders.

14

15           21.     On August 25, 2005, through a full-day mediation with David Rotman,

16   Esq., the Parties reached an agreement to settle this Action on the terms set forth below.

17

18          22.     Counsel for the Bank is authorized by the Bank to take, on its behalf, all

19   appropriate action required or permitted to be taken by the Bank pursuant to this Settlement to

20   effectuate its terms. The Parties agree that the Court shall certify a class solely for the purpose of

21   implementing the terms of this Settlement.

22

23          23.     Class Counsel represents that it has conducted a thorough investigation into

24   the facts of this case, and has diligently pursued an investigation of the Class Members' claims

25   against the Bank, including (i) interviewing Class Members and analyzing the results of Class

26   Member interviews; (ii) reviewing relevant documents; (iii) researching the applicable law and

27   the potential defenses. Based on its own independent investigation and evaluation, Class Counsel

28   is of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of

Case No. C 05 00519 CRB

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

1    the Class Members in light of all known facts and circumstances, including the risk of significant

2    delay, and defenses asserted by the Bank. The Bank agrees that the Settlement is fair, reasonable

3    and adequate.

4

5           24.    The entry of Final Judgment in this Action shall dismiss with prejudice all

6    claims alleged in Plaintiff's complaint. The Parties agree to cooperate and take all steps

7    necessary and appropriate to obtain preliminary and final approval of this Settlement, to

8    effectuate its terms, and to dismiss this Action with prejudice.

9

10   **III.**<br>**TERMS OF SETTLEMENT**

11

12          25.    <u>Maximum Payment:</u>

13

14          (a)    The Maximum Payment under the Settlement, if all Class Members

15   file valid and timely claims, is $9,000,000.00, including payments to Class Members; employee

16   tax withholdings, excluding the employer portion of those withholdings; any enhancement paid to

17   the Class Representative; attorneys' fees, costs and expenses of Class Counsel incurred to date, as

18   well as all such fees and costs incurred in documenting the Settlement, securing trial and

19   appellate court approval of the Settlement, administering the Settlement, and obtaining a

20   dismissal of the Action; and all costs of administration.

21

22          (b)    This Settlement does not establish a fund for the payment of claims.

23   The Parties will apply the formula that they develop for allocating the portion of the Maximum

24   Payment that they designate for payments to Class Members in a manner that results in the

25   complete distribution of that portion, assuming that all Class Members participate in the

26   distribution. If fewer than all Class Members participate in the distribution, the residual shall be

27   the exclusive property of the Bank.

28

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

(c)     The Bank has represented that the number of Compensable Work Weeks between December 20, 2000 and March 31, 2005 is equal to 83,908 ("Represented Compensable Work Weeks"). If the actual number of Compensable Work Weeks ("Actual Compensable Work Weeks") for such time frame is greater than the Represented Compensable Work Weeks by more than twenty percent (20%), then the Maximum Payment will be increased as follows: The "Ratio of Increased Work Weeks" shall be defined, in percentage terms, as (i) the difference between (x) Actual Compensable Work Weeks and (y) Represented Compensable Work Weeks divided by (ii) Represented Compensable Work Weeks. If the Ratio of Increased Work Weeks is greater than or equal to 20%, then the Maximum Payment will be increased by the Ratio of Increased Work Weeks.

26.     Attorneys' Fees:  The Bank agrees, subject to the approval of the Court, to pay to Class Counsel twenty-five percent (25%) of the Maximum Payments (or $2,250,000.00) in attorneys' fees to compensate Class Counsel for all of the work already performed in this case and all work remaining to be performed in documenting the Settlement, securing Court approval of the Settlement, administrating the Settlement, ensuring that the Settlement is fairly administered and implemented and obtaining dismissal of the Action.

27.     Costs:  Subject to Court approval, the Bank further agrees to pay Class Counsel $50,000.00 for costs and expenses incurred by Class Counsel in prosecuting the Action and in implementing the terms of this Settlement.  The Bank will issue Class Counsel an IRS Form 1099 for their attorneys' fees and costs.

28.     Enhancement to Class Representative:  Conditioned upon the Class Representative's execution of a general release in favor of the Bank, the Bank agrees to pay to the Class Representative, Timothy Franklin, a service payment of $20,000.00 as an enhancement for his service as a Class Representative, in addition to any payment he may otherwise receive as a Class Member. The Bank will issue an IRS Form 1099 for this service payment.

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

Case No. C 05 00519 CRB

29.    Distribution to Class Members:

(a)    The Bank agrees to pay only those Class Members who submit timely and valid Claim Forms. To be timely, the Claim Forms must be postmarked by the date indicated on the Claim Form. To be valid, Claim Forms must be completed in full, signed under penalty of perjury, and accompanied by a photocopy of the driver's license of the claimant or other form of government issued picture identification (e.g., passport).

(b)    After deductions of $2,300,000 for attorneys' fees and costs and $20,000 for the service payment to the Class Representative, the remainder of the Maximum Payment shall be $6,680,000 (such amount, the "Class Member Distribution Amount"). The "Dollars per Compensable Work Week" will be calculated by dividing the total Compensable Work Weeks into the Class Member Distribution Amount.

(c)    Class Member Distribution Amount: The gross amount distributed to each Class Member will be based on the number of weeks worked in the Covered Position during the Covered Period multiplied by the Dollars per Compensable Work Week.

(d)    Tax Allocation: The Parties agree that the settlement payments to Class Members are fifty-percent (50%) wages subject to the withholding of all applicable local, state and federal taxes and fifty-percent (50%) penalties and interest. The Bank will pay its portion of payroll taxes and withholdings.

(e)    Settlement Payment Date: The Bank shall mail the settlement payments to the Class Members as well as the enhancement to the Class Representative within twenty (20) calendar days following the Settlement Effective Date. The Bank shall mail the payment for attorneys' fees and costs within five (5) calendar days following the Settlement Effective Date.

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

IV.
**NOTICE TO THE PLAINTIFF CLASS**

30.     A Notice in the form attached as Exhibit "A" and approved by the Court

shall be sent by the Claims Administrator to the Class Members, by first class mail, within forty-

five (45) days of the Court's entry of the Order Granting Preliminary Approval of the Settlement

and Notice.  Attached to the Notice will be a Claim Form and a Request for Exclusion Form, in

the form attached as Exhibits "B" and "C."

31.     The Bank shall provide, within four weeks following the Court's entry of

the Order Granting Preliminary Approval of the Settlement and Notice, to the Claims

Administrator a database of all putative Class Members, including last known addresses and

telephone numbers, dates of employment in the Covered Position for the Covered Period, and

social security numbers.  This database shall be based on the Bank's payroll and other business

records and in a format acceptable to the Claims Administrator.  The Bank agrees to consult with

the Claims Administrator prior to the production date to ensure that the format of the database

will be acceptable to the Claims Administrator.  In consideration of the privacy concerns of the

individual Class Members, the Claims Administrator will not share the identity of individual

Class Members with the Class Representative or Class Counsel.  If, however, a Class Member

requests the opportunity to communicate with Class Counsel, the Claims Administrator shall

contact Class Counsel and furnish them with that Class Member's contact information.

32.     The Claims Administrator will use all standard skip tracing devices to

obtain forwarding addresses and forward return mail to ensure that the Notice, the Claim Form

and instructions, and the Exclusion Form are sent to all Class Members.  It will be conclusively

presumed that if an envelope so mailed has not been returned within thirty (30) days of the

mailing that the Class Member received the Notice.  With respect to returned envelopes, the

-9-

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

1   Claims Administrator will use reasonable diligence to obtain a current address and re-mail the

2   envelope to such address within ten (10) days of the receipt of the returned envelope.

3

4       33.     The Claims Administrator will mail a reminder postcard no later than ten

5   (10) days before the deadline to submit Claim Forms.

6

7       34.     Class Counsel shall provide the Court, at least five (5) days prior to the

8   final fairness hearing, a declaration by the Claims Administrator specifying the due diligence it

9   has undertaken with regard to the mailing of the Notice.

10

## V.
## CLAIM PROCESS

11

12

13      35.     Within forty-five (45) days following the Court's entry of the Order

14  Granting Preliminary Approval of the Settlement and Notice, the Claims Administrator will mail

15  to all Class Members the Notice, the Claim Form and instructions, and the Request for Exclusion

16  Form.

17

18      36.     Each Claim Form will list the number of weeks during the Covered Period

19  that the Class Member held the Covered Position according to the Bank's records. The Claim

20  Form will contain a request that the Class Member confirm or dispute this information.

21

22      37.     Class Members will have sixty (60) days from the mailing of the Notice,

23  Claim Forms and Exclusion Forms to submit their Claim Form or Exclusion Form. No Claim

24  Forms or Exclusion Forms will be honored if postmarked after the deadline to submit claims. All

25  original Claim Forms and Exclusion Forms shall be sent directly to the Claims Administrator at

26  the address indicated on the forms.

27

28

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

1          38.     The Claims Administrator will certify jointly to Class Counsel and the

2  Bank's counsel which Claim Forms and Exclusion Forms were timely or untimely filed.

3

4          39.     The Claims Administrator shall report, in summary or narrative form, the

5  substance of any discrepancies between the dates of employment submitted by the Class Member

6  on the Claim Form and the Bank's records.  The Claims Administrator shall be granted

7  reasonable access to the Bank's records in order to perform its duties, but shall not turn over such

8  records to the Class Representative or Class Counsel absent consent of the Bank's counsel.  The

9  Claims Administrator's determination regarding the discrepancy will be final.

10

11         40.     The Claims Administrator will submit a list of timely, non-fraudulent

12  claims and the calculation of the amounts due to each Class Member pursuant to this Settlement.

13

14         41.     The Claims Administrator will timely notify claimants whose claims are

15  untimely or denied for other reasons, e.g., the claimant is not a member of the Class because the

16  claimant did not hold the Covered Position during the Covered Period.

17

18         42.     The Bank shall be responsible for issuing the payments and calculating and

19  withholding all required state and federal taxes.  The Bank will file proof of payment with the

20  Court and will serve Class Counsel with a copy.

21

22                              **VI.**
**RELEASE OF CLAIMS**

23

24         43.     Released Claims by Class Members.  The Class Members (other than those

25  who file Exclusion Forms) hereby fully and finally release and discharge the Bank and their

26  former and present parent, subsidiary, and affiliated corporations and their officers, directors,

27  employees, partners, shareholders and agents, and any other successors, assigns, or legal

28  representatives ("Class Members' Released Parties), from any and all wage-and-hour claims,

1 whether known or unknown, arising during the period from December 20, 2000 to December 31,
2 2005 ("Class Members' Released Period"), whether under federal, state and/or local law, statute,
3 ordinance, regulation, common law, or other source of law; whether or not such claims are in the
4 nature of claims for damages, unpaid wages, premium pay, waiting-time penalties, or other
5 penalties for overtime, missed meal periods, missed rest breaks, and other alleged wage-and-hour
6 violations, attorneys' fees or injunctive relief; whether sounding in contract or tort; and whether
7 pursuant to a statutory remedy ("Class Member's Released Claims"). The Class Member's
8 Released Claims include, but are not limited to, claims arising from or dependent on the
9 California Labor Code; the wage orders of the California Industrial Welfare Commission;
10 California Business and Professions Code section 17200 *et seq.*; the California common law of
11 contract and tort; and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

12

13       44.   Released Claims by the Class Representative. The Class Representative
14 hereby fully and finally releases and discharges the Bank and their former and present parent,
15 subsidiary, and affiliated corporations and their officers, directors, employees, partners,
16 shareholders and agents, and any other successors, assigns, or legal representatives ("Class
17 Representative's Released Parties"), from any and all claims, whether known or unknown, arising
18 during the period from the start of time to December 31, 2005 ("Class Representative's Released
19 Period"), whether under federal, state and/or local law, statute, ordinance, regulation, common
20 law, or other source of law; whether or not such claims are in the nature of claims for damages,
21 unpaid wages, premium pay, waiting-time penalties, or other penalties for overtime, missed meal
22 periods, missed rest breaks, and other alleged wage-and-hour violations, attorneys' fees or
23 injunctive relief; whether sounding in contract or tort; and whether pursuant to a statutory remedy
24 ("Class Representative's Released Claims"). The Class Representative's Released Claims
25 include, but are not limited to, claims arising from or dependent on the California Labor Code;
26 the wage orders of the California Industrial Welfare Commission; California Business and
27 Professions Code section 17200 *et seq.*; the California Fair Employment and Housing Act, Cal.
28 Gov't Code § 12900 *et seq.*; the California common law of contract and tort; Title VII of the Civil

1    Rights Act of 1964; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; the

2    Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*; and the Fair Labor

3    Standards Act, 29 U.S.C. § 201 *et seq.*

4

5          45.   <u>Waiver of California Civil Code Section 1542</u>. It is the desire of the

6    Parties to fully, finally, and forever settle, compromise, and discharge disputes and claims

7    asserted in this Action against the Bank whether known or unknown, liquidated or unliquidated.

8    Each Class Member and the Class Representative waives, as to the Released Claims, all rights

9    and benefits afforded by Section 1542 of the Civil Code of the State of California ("Section

10   1542"), and does so understanding the significance of that waiver. Section 1542 provides: "A

11   general release does not extend to claims which the creditor does not know or suspect to exist in

12   his or her favor at the time of executing the release, which if known by him must have materially

13   affected his or her settlement with the debtor."

14

15   **VII.**
**DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**

16

17         46.   The Parties shall promptly submit this Settlement to the Court in support of

18   Plaintiffs' Motion for Preliminary Approval and determination by the Court as to its fairness,

19   adequacy, and reasonableness. Promptly upon execution of this Settlement, the Parties shall

20   apply to the Court for the entry of an Order Granting Preliminary Approval of the Settlement and

21   Notice substantially in the following form:

22

23         (a)   Scheduling a fairness hearing on the question of whether the

24   proposed Settlement should be finally approved as fair, reasonable and adequate as to the Class;

25         (b)   Approving as to form and content the proposed Notice;

26         (c)   Approving as to form and content the proposed Claim Form and

27   instructions for Bank employees in the Covered Position;

28         (d)   Approving as to form and content the proposed Exclusion Form;

1            (e)     Directing the mailing of the Notice, the Claim Form and the

2 Exclusion Form by first class mail to the Class Members;

3            (f)     Preliminarily approving the Settlement;

4            (g)     Preliminarily certifying the Class for purposes of Settlement; and

5            (h)     Approving Dostart Clapp & Coveney, LLP, Hoffman & Lazear,

6 and the Thierman Law Firm, PC as Class Counsel, Timothy Franklin as Class Representative and

7 a Claims Administrator.

8

9 **VIII.**
**DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL**

10

11        47.     Following final approval by the Court of the Settlement, Class Counsel will

12 submit a proposed Final Judgment:

13

14            (a)     Approving the Settlement, adjudging the terms thereof to be fair,

15 reasonable and adequate, and directing consummation of its terms and provisions;

16            (b)     Approving Class Counsel's application for an award of attorneys'

17 fees and reimbursement of costs;

18            (c)     Approving the Class Representative's service payment;

19            (d)     Certifying the Class for Settlement purposes; and

20            (e)     Dismissing this Action on the merits and with prejudice and

21 permanently barring all Class Members (other than those who timely filed Exclusion Forms) from

22 prosecuting against the Class Members' Released Parties any and all Class Members' Released

23 Claims arising during the Class Members' Released Period.

24

25 **IX.**
**VOIDING THE AGREEMENT**

26

27        48.     If this Settlement is not approved, the Settlement shall not be used nor be

28 admissible in any subsequent proceedings either in this Court or in any other Court or forum. If

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

1    there is any reduction in the attorneys' fee award, such reduction may be appealed as set forth

2    below but is not a basis for rendering the entire Settlement voidable and unenforceable.

3

## X.
## PARTIES' AUTHORITY

4

5

6       49.    The respective signatories to the Settlement represent that they are fully

7    authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

8

## XI.
## MUTUAL FULL COOPERATION

9

10

11       50.    The Parties agree to fully cooperate with each other to accomplish the

12    terms of this Settlement, including but not limited to, execution of such documents and to take

13    such other action as may reasonably be necessary to implement the terms of this Settlement. The

14    Parties shall use their best efforts, including all efforts contemplated by this Settlement and any

15    other efforts that may become necessary by order of the Court, or otherwise, to effectuate the

16    terms of this Settlement. As soon as practicable after execution of this Settlement, Class Counsel

17    shall, with the assistance and cooperation of the Bank and their counsel, take all necessary steps

18    to secure the Court's Final Judgment.

19

20       51.    The Bank agrees that it will not attempt to discourage Class Members from

21    filing Claim Forms.

22

## XII.
## NO PRIOR ASSIGNMENTS

23

24

25       52.    The Parties represent, covenant, and warrant that they have not directly or

   indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any

26

   person or entity any portion of any liability, claim, demand, action, cause of action or right

27

   released and discharged in this Settlement.

28

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

## XIII.
## NO ADMISSION

53.     Nothing contained in this Settlement is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of the Bank, and the Bank denies liability therefor.  Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Settlement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## XIV.
## ENFORCEMENT ACTIONS

54.     In the event that one or more of the Parties institutes any legal action, arbitration, or other proceeding against any other party or parties to enforce the provisions of this Settlement or to declare rights and/or obligations under this Settlement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## XV.
## NOTICES

55.     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

(a)     To the Class:

Mark Thierman, Esq.

Thierman Law Firm, PC

-16-                   JOINT STIPULATION OF SETTLEMENT
                                                                                     AND RELEASE

1    7287 Lakeside Drive

2    Reno, Nevada 89511

3    (b)    To the Bank:

4    Annette Rittmuller, Esq.

5    Paul, Hastings, Janofsky & Walker LLP

6    55 Second Street, 24th Floor

7    San Francisco, California 94105

8

9    ## XVI.
     ## CONSTRUCTION

10

11    56.    The Parties agree that the terms and conditions of this Settlement are the

12   result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement

13   shall not be construed in favor of or against any party by reason of the extent to which any party

14   or her or its counsel participated in the drafting of this Settlement.

15

16    ## XVII.
      ## CAPTIONS AND INTERPRETATIONS

17

18    57.    Paragraph titles or captions contained herein are inserted as a matter of

19   convenience and for reference, and in no way define, limit, extend, or describe the scope of this

20   Settlement or any provision. Each term of this Settlement is contractual and not merely a recital.

21

22    ## XVIII.
      ## MODIFICATION

23

24    58.    This Settlement may not be changed, altered, or modified, except in writing

25   and signed by the Parties, and approved by the Court. This Settlement may not be discharged

26   except by performance in accordance with its terms or by a writing signed by the Parties.

27

28

## XIX.
## INTEGRATION CLAUSE

59.     This Settlement contains the entire agreement between the Parties relating to the resolution of the Action, and all prior or contemporaneous agreements (except the Settlement Agreement and General Release between the Bank and the Class Representative), understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged in this Settlement.  No rights under this Settlement may be waived except in writing.

## XX.
## BINDING ON ASSIGNS

60.     This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## XXI.
## CLASS COUNSEL SIGNATORIES

61.     It is agreed that because the members of the Class are so numerous, it is impossible or impractical to have each Class Member execute this Settlement.  The Notice, Exhibit "__", will advise all Class Members of the binding nature of the release.  Excepting only the Class Members who timely submit an Exclusion Form, the Notice shall have the same force and effect as if this Settlement were executed by each Class Member.

## XXII.
## COUNTERPARTS

62.     This Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.

## XXIII.
## CONFIDENTIALITY PRECEDING PRELIMINARY APPROVAL

63.     The Parties and their counsel agree that they will not issue any press releases or have any communication with the press or anyone else regarding the Settlement except as set forth in Section XXIV.  If Plaintiff or his attorneys disclose to any non-party any of the terms of the Settlement, before the Settlement is approved by the court exercising jurisdiction over this matter, the Bank may withdraw from the Settlement, rendering any agreement made in connection with the Settlement void and unenforceable.

## XXIV.
## PUBLIC COMMENT

64.     The Parties and their counsel agree that neither the Parties nor their counsel will issue any press releases or have any communications with the media other than a mutually agreed-upon statement made in response to an inquiry from the press.

## XXV.
## RIGHT OF APPEAL

65.     The Parties agree to waive appeals with the sole exception that Plaintiffs can appeal a reduction, if any, in the attorneys' fees amount.

## XXVI.
## CLASS CERTIFICATION

66.     The Parties agree that the stipulation of Class Certification is for settlement purposes only and if for any reason, the settlement is not approved, the Stipulation will be of no force or effect.  The Parties agree that certification for settlement purposes is in no way an admission that class certification is proper and that evidence of this stipulation for settlement purposes only will not be deemed admissible in this or any other proceeding.

-19-

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

Case 3:05-cv-00519-CRB   Document 55   Filed 07/20/06   Page 28 of 32

## XXVII.
## NO SETTLEMENT FUND

67.     The Parties agree that California Code of Civil Procedure Section 384 is not applicable. The Parties represent that the Maximum Payment is a settlement amount that takes into account the probability that many Class Members for various reasons will not file claims. The Parties recognize that the settlement amount would have been substantially less if all of it had to be paid. No fund has been created. No obligation to pay Class Members is created until a valid Claim Form is filed. There is thus no residue. Neither Plaintiffs nor their counsel shall take, or cause any other person to take, a position before the Court that California Code of Civil Procedure Section 384 applies to this Settlement. The Parties will work together expeditiously to obtain preliminary and final approval of this Settlement.

## XXVIII.
## RIGHT OF REVOCATION

68.     If more than 5% of the Class Members timely submit Exclusion Forms, the Bank has the exclusive right to void this Settlement. The Bank shall make its

Case No. C 05 00519 CRB

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

1  election prior to Final Judgment.  If the Settlement is not approved or is voided, neither

2  the Class Representative nor Class Counsel shall be liable for any costs of administration.

3

4

5  DATED: September 15 , 2005      PAUL, HASTINGS, JANOFSKY & WALKER LLP

6

7  By _____

   ANNETTE M. RITTMULLER

8  Attorneys for Defendant
   Bank of America, N.A.
9

10 DATED: September _____, 2005    BANK OF AMERICA, N.A.

11

12 By: _____
   ANNE KINNANE
13 Who is authorized to execute on behalf of Bank of
   America, N.A.

14 DATED: September _____, 2005    HOFFMAN & LAZEAR

15

16 By: _____
   ARTHUR  W. LAZEAR
17 Attorneys for Plaintiffs

18 DATED: September _____, 2005    REPRESENTATIVE PLAINTIFF

19

20 By: _____
   TIMOTHY L. FRANKLIN
21 Representative Plaintiff

22 SF/377552.6

23

24

25

26

27

28

Case No. C 05 00519 CRB

-21-

1   election prior to Final Judgment. If the Settlement is not approved or is voided, neither

2   the Class Representative nor Class Counsel shall be liable for any costs of administration.

3

4

5   DATED: September _____, 2005   PAUL, HASTINGS, JANOFSKY & WALKER LLP

6

7   By:_____
                  ANNETTE M. RITTMULLER

8   Attorneys for Defendant
    Bank of America, N.A.

9

10   DATED: September _15_, 2005   BANK OF AMERICA, N.A.

11

12   By: _Anne Kinnane_____
               ANNE KINNANE

13   Who is authorized to execute on behalf of Bank of
    America, N.A.

14   DATED: September _____, 2005   HOFFMAN & LAZEAR

15

16   By:_____

17                 ARTHUR W. LAZEAR
    Attorneys for Plaintiffs

18   DATED: September _____, 2005   REPRESENTATIVE PLAINTIFF

19

20   By:_____

21                 TIMOTHY L. FRANKLIN
    Representative Plaintiff

22   SF/377552.6

23

24

25

26

27

28

1  election prior to Final Judgment.  If the Settlement is not approved or is voided, neither

2  the Class Representative nor Class Counsel shall be liable for any costs of administration.

3

4

5  DATED: September _____, 2005        PAUL, HASTINGS, JANOFSKY & WALKER LLP

6

7                                     By:_____
                                            ANNETTE M. RITTMULLER

8                                     Attorneys for Defendant
9                                     Bank of America, N.A.

10  DATED: September _____, 2005       BANK OF AMERICA, N.A.

11

12                                     By:_____
                                            ANNE KINNANE

13                                     Who is authorized to execute on behalf of Bank of
                                       America, N.A.

14  DATED: September _15_, 2005        HOFFMAN & LAZEAR

15

16                                     By:_____
17                                          ARTHUR W. LAZEAR
                                       Attorneys for Plaintiffs

18  DATED: September _____, 2005       REPRESENTATIVE PLAINTIFF

19

20                                     By:_____
21                                          TIMOTHY L. FRANKLIN
                                       Representative Plaintiff

22  SF/377552.6

23

24

25

26

27

28

1   election prior to Final Judgment. If the Settlement is not approved or is voided, neither

2   the Class Representative nor Class Counsel shall be liable for any costs of administration.

3

4

5   DATED: September _____, 2005      PAUL, HASTINGS, JANOFSKY & WALKER LLP

6

7                                     By:_____
                                           ANNETTE M. RITTMULLER
8
                                      Attorneys for Defendant
9                                     Bank of America, N.A.

10  DATED: September _____, 2005      BANK OF AMERICA, N.A.

11

12                                    By:_____
                                           ANNE KINNANE
13                                    Who is authorized to execute on behalf of Bank of
                                      America, N.A.
14
    DATED: September _____, 2005      HOFFMAN & LAZEAR
15

16                                    By:_____
17                                         ARTHUR W. LAZEAR
                                      Attorneys for Plaintiffs
18  DATED: September _15_, 2005       REPRESENTATIVE PLAINTIFF
19

20                                    By: _Timothy L. Franklin_____
21                                         TIMOTHY L. FRANKLIN
                                      Representative Plaintiff
22  SF/AT7552.6

23

24

25

26

27

28

                                      -21-      JOINT STIPULATION OF SETTLEMENT
                                                           AND RELEASE